IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Costen, )<br>  )<br>   Plaintiff, )<br>  )<br>v. )<br>  )<br>Collectcorp Corporation, a Delaware )<br>corporation, )<br>  )<br>   Defendant. ) | No.  10 C 1421<br><br><br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Michael Costen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, Michael Costen ("Costen"), is a citizen of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt owed for a Bank of America credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Collectcorp Corporation ("Collectcorp"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Collectcorp operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Collectcorp is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Collectcorp does business Illinois by collecting debts from thousands of Illinois consumers.

6. Moreover, Defendant Collectcorp is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Collectcorp acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Costen is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Bank of America credit card. When Defendant Collectcorp began trying to collect the Bank of America debt from Mr. Costen, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Collectcorp's collection actions.

8. On November 8, 2009, one of Mr. Costen's attorneys at LASPD informed Collectcorp, in writing, that Mr. Costen was represented by counsel, and directed Collectcorp to cease contacting him, and to cease all further collection activities

because Mr. Costen was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Collectcorp sent a collection letter, dated January 8, 2010, directly to Mr. Costen, in which it continued to demand payment of the Bank of America debt.  A copy of this letter is attached as Exhibit D.

10. Accordingly, on February 12, 2010, Mr. Costen's LASPD attorney had to send Defendant Collectcorp another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Costen's agent, LASPD, told Defendant Collectcorp to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant Collectcorp

3

violated § 1692c(c) of the FDCPA.

16. Defendant Collectcorp's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Collectcorp knew that Mr. Costen was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant Collectcorp to cease directly communicating with Mr. Costen. By directly sending Mr. Costen the collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant Collectcorp violated § 1692c(a)(2) of the FDCPA.

20. Defendant Collectcorp's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Michael Costen, prays that this Court:

1. Find that Defendant Collectcorp's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Costen, and against Defendant Collectcorp, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michael Costen, demands trial by jury.

          Michael Costen,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: March 3, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com